PROB 12C
(04/08)

January 15, 2010

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
JAN 2 5 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Lizbeth BAUCER (English)         **Dkt. No.:** 08CR00776-001-BTM

**Reg. No.:** 07251-298

**Name of Sentencing Judicial Officer:** The Honorable Barry Ted Moskowitz, U.S. District Judge

**Date of Sentence:** July 3, 2008

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Marijuana, a Class D felony.

**Sentence:** 18 month's custody and three (3) years supervised release. (*Special Conditions: See Attached Judgment and Commitment Order.*)

**Modification:** On October 6, 2009, the Court suspended the mental health treatment condition.

**Type of Supervision:** Supervised Release        **Date Supervision Commenced:** June 9, 2009

**Asst. U.S. Atty.:** Lara Stingley        **Defense Counsel:** Hanni Fakhoury, Fed. Def. Inc.
                                                              (Appointed)
                                                              619-234-8467

**Prior Violation History:** None.

---

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|---|
| **(Special Condition)** Enter and successfully complete a residential drug program of at least six (6) months in duration. | 1. | On December 4, 2009, Ms. Baucer was unsuccessfully terminated from the Serenity House residential substance abuse treatment program. |

*Grounds for Revocation:* On December 10, 2009, the probation officer attempted to contact Ms. Baucer at her listed residence, (a Serenity House outpatient residence), no one was home. A follow-up telephone call to the Serenity House program revealed that Ms. Baucer left the program on December 4, 2009, for a violation of Serenity House rules. On January 4, 2010, during a probation office contact, Ms. Baucer admitted the above to the undersigned.

| | | |
|---|---|---|
| **(Special Condition)** Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. *(nv21)* | 2. | Ms. Baucer failed to submit a urine sample at Mental Health Systems, Inc. (MHS) on January 5, 2010, as directed. |
| | 3. | Ms. Baucer failed to attend substance abuse counseling at MHS on January 8, 2010, as directed. |

*Grounds for Revocation:* As to allegations two and three, I have received and reviewed the MHS Noncompliance Reports which confirm that Ms. Baucer failed to submit a urine sample at MHS as directed in the prerecorded instructions and failed to attend counseling as directed.

### VIOLATION SENTENCING SUMMARY

**SUPERVISION ADJUSTMENT**

On April 23, 2009, while still a Bureau of Prisons (BOP) inmate, Ms. Baucer entered the RRC. The Terminal Report from the RRC, listed her adjustment to the RRC as "good." The offender was admitted to the Serenity House residential substance abuse treatment program on June 16, 2009. However, on July 19, 2009, Ms. Baucer tested positive for methamphetamine. The offender admitted relapsing. A decision was made by treatment staff to restart the offender from the July 20, 2009 date, and continue her in treatment.

Subsequently, Ms. Baucer successfully completed phase I and phase II of the Serenity House program. The offender was placed into phase III, and allowed to reside in the Sober Living Village. Pursuant to the Serenity House staff, there were allegations of Ms. Baucer having a male guest at the Sober Living Village (a violation of house rules). Although the offender denied the allegation, she decided to leave the program (December 4, 2009).

The probation officer was unaware of Ms. Baucer's whereabouts from December 4, 2009 to January 4, 2010, whereupon she appeared at the probation office. The undersigned was prepared to request a warrant; however, Ms. Baucer and the probation officer decided upon a plan to enroll the offender in MHS drug testing and outpatient counseling, with court notification to follow. Ms. Baucer was instructed to submit a urine sample at MHS the next day (January 5, 2010) and to start substance abuse counseling on January 8, 2010, to which she agreed.

It is disturbing that after attempting to devise a plan, to which the offender agreed, she failed to comply, and has failed to notify the probation officer of the reasons for her continued noncompliance.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

At the Serenity House program, Ms. Baucer was reunited with her son in August 2009, after successful completion of phase one. At the probation office contact, the offender informed the undersigned that she had secured a room in a house for the month of January and had secured part-time employment. Additionally, when Ms. Baucer contacted the probation officer on January 4, 2010, she indicated that her mother, who resides in Mexico, had recently incurred a stroke. The offender admitted traveling to Mexico (without permission) to visit her ailing mother.

## SENTENCING OPTIONS
## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (unsuccessful termination from a residential treatment program, failure to submit a urine sample and failure to attend counseling) constitute Grade C violations. USSG § 7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade <u>C</u> violation with a Criminal History Category <u>IV</u> (determined at the time of sentencing) establishes an **imprisonment range of <u>6</u> to <u>12</u> months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG § 7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>3 year(s)</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## RECOMMENDATION/JUSTIFICATION

Ms. Baucer's behavior has gone back and forth from compliant to noncompliant in the past 6 months. It appears she did well at the RRC as a BOP inmate and was admitted to a residential treatment facility fairly quickly, but tested positive for methamphetamine while in residential treatment. She then successfully completed the first two phases of treatment and was allowed to reside in a Sober Living arrangement. Due to an alleged rule violation, she left the Sober Living home. The offender temporarily absconded from supervision, reappeared and admitted her mistake. Subsequently, Ms. Baucer and the probation officer devised a plan for the future. She then failed to comply with the agreed upon plan.

If the Court sustains the allegations in this Petition, it is recommended that supervised release be revoked. A three-month custodial sentence is suggested as a deterrent. This should be combined with two years supervised release with three months in an RRC. Since she completed the residential portion of treatment and was in the recovery stage of the treatment process, while at the RRC, the probation officer will refer her for follow up outpatient treatment. Thus same conditions as previously ordered are recommended, minus the residential drug program.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 15, 2010

Respectfully submitted:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by *[signature]*
Constant T. Wilson
Senior U.S. Probation Officer
(619) 409-5120

Reviewed and approved:

*[signature]*
Robert Walford
Supervising U.S. Probation Officer

PROB 12C
Name of Offender: Lizbeth BAUCER
Docket No.: 08CR00776-001-BTM
Case 3:08-cr-00776-BTM   Document 24   Filed 01/25/10   Page 6 of 7
January 15, 2010
Page 6

# VIOLATION WORKSHEET

1. **Defendant:** BAUCER, Lizbeth

2. **Docket No. (Year-Sequence-Defendant No.):** 08CR00776-001-BTM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | Unsuccessful termination from residential treatment program | C |
   | Failure to submit urine sample | C |
   | Failure to attend counseling | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))   [ C ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))   [ IV ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))   [ 6 - 12 months]

7. **Unsatisfied Conditions of Original Sentence:** None.

**THE COURT ORDERS:**

_____  AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

___✓___  DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON January 29, 2010 AT 2:00 pm, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

___✓___  Other  The Court finds that there is probable cause to believe that the defendant committed the alleged violations of Supervised Release.

Notify the Court Clerk, defense counsel + defendant of the OSC hearing.

_____          1-20-2010
The Honorable Barry Ted Moskowitz              Date
U.S. District Judge