PROB 12C
(04/08)

March 3, 2014

## UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Lizbeth Baucer (English)  **Dkt No.:** 08CR00776-001-BTM

**Reg. No.:** 07251-298

**Name of Sentencing Judicial Officer:** The Honorable Barry Ted Moskowitz, Chief U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Marijuana, a Class D felony.

**Date of Revocation Sentence:** June 7, 2013

**Sentence:** Four months in custody, followed by a six-month term of supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** September 11, 2013

**Asst. U.S. Atty.:** Lara A. Stingley   **Defense Counsel:** Sandra Hourani
(Appointed)
(619) 234-8467

**Prior Violation History:** Yes. See prior court correspondence.

---

### PETITIONING THE COURT

### TO SUMMON THE OFFENDER TO APPEAR BEFORE THE COURT

The probation officer believes that the offender has violated the following condition(s) of supervision:

PROB12(C)

| | |
|---|---|
| Name of Offender: Lizbeth Baucer | March 3, 2014 |
| Docket No.: 08CR00776-001-BTM | Page 2 |

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Standard Condition)**<br>Answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. *(mv8)* | 1. Ms. Lizbeth Baucer failed to call the automated Comply drug testing line on January 10, 17, 21, February 12, and 27, 2014, as directed by the probation officer. |

*Grounds for Revocation:* As to allegation 1, I have received and reviewed the automated COMPLY Client Call Report, confirming that on the above dates, Ms. Baucer failed to phone the testing line, as directed by the probation officer on September 19, 2013, at the time she was enrolled in our formal drug testing program. Ms. Baucer was aware of this responsibility to call the automated recording Monday thru Saturday, as evidenced by her signature on the enrollment form. On the above noted dates, Ms. Baucer was scheduled to drug test, but failed to do so due to her non-compliance.

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. *(nv3)*<br><br>**(Special Condition)**<br>Abstain from all use of alcohol. | 2. Ms. Lizbeth Baucer failed to submit urine samples at the U.S Probation Office on September 27, December 23, and 30, 2013, as directed.<br><br>3. Ms. Lizbeth Baucer used a controlled substance, methamphetamine, on or about February 8, 2014, as evidenced by her admission to the probation officer on February 10, 2014.<br><br>4. Ms. Lizbeth Baucer used a controlled substance, marijuana, on or about January 24, 2014, as evidenced by her admission to the probation officer on February 10, 2014.<br><br>5. On or about February 9, 2014, Ms. Baucer consumed alcohol, as evidenced by her admission to the probation officer on February 10, 2014. |

*Grounds for Revocation:* As to allegation 2, I have received and reviewed the Chain of Custody for Drug Analysis Forms confirming that on the above dates, Ms. Baucer failed to submit urine samples as directed in the prerecorded instructions.

As to allegation 3, 4, and 5, Ms. Baucer reported to the U.S. Probation Office as directed on February 10, 2014. During this meeting, she admitted she had relapsed and used methamphetamine, marijuana and alcohol on the dates noted above. With regard to alcohol, she specified that she was "drinking every other day."

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Ms. Baucer's current term of supervised release (her fifth), commenced on September 11, 2013. Reference is made to the violation report submitted to the Court on January 30, 2014, wherein Your Honor was notified that Ms. Baucer had failed to report for drug testing on six occasions. Ms. Baucer told the probation officer that she was unable to report for testing on the dates in question, due to a lack of transportation and her work schedule. To her credit, the urine specimens she had submitted screened negative, she was employed and was maintaining contact with the probation officer. Your Honor agreed with probation officer's recommendation to take no action.

At the onset of supervision, Ms. Baucer was participating in outpatient drug treatment at North Park Family Health Center. She was terminated from the program on January 10, 2014, for failing to attend treatment groups as required.

Ms. Baucer reported to the probation office on January 29, 2014 as directed, at which time a sweat patch was applied for drug testing. She was instructed to return to the office on February 6, 2014, for removal of the patch. She failed to report as directed and left a message for the probation officer advising that she had to work. She subsequently reported to the probation office on February 10, 2014, and admitted she had removed the patch the day it was applied because she knew it would confirm positive for drug use. She further admitted she had relapsed and used marijuana, methamphetamine and alcohol. She submitted a urine specimen at the U.S. Probation Office during her office visit on February 10, 2014, which later screened positive for amphetamines. She advised the probation officer that she was distraught over a recent miscarriage. Ms. Baucer expressed remorse for her actions and indicated she was desirous of entering an inpatient drug rehabilitation program to address her drug and alcohol use. She is currently awaiting placement at CRASH.

On February 20, 2014, a violation report was submitted to the Court notifying of the above conduct and recommending that conditions of supervised release be modified to include participation in a residential drug treatment program, as well as extending Ms. Baucer's term of supervised release for six months. On February 27, 2014, Your Honor ordered that an order to show cause be prepared with a summons for March 5, 2014, at 11:00 am.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Ms. Baucer is 29 year old; she has one child, age four, who is cared for by her sister in San Diego, California. From the onset of supervision, she has been employed by L&L Barbecue as a cook.

Ms. Baucer has a significant history of drug and alcohol abuse. Previous terms of supervised release were revoked due in part to her drug use and failure to report for drug testing.

Her prior criminal record includes convictions for receiving stolen property, and possession of a controlled substance. She has numerous prior arrests for drug related activity that did not result in prosecution.

PROB12(C)

Name of Offender: Lizbeth Baucer  
Docket No.: 08CR00776-001-BTM

March 3, 2014  
Page 4

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (failure to report for drug testing, failure to follow instructions of the probation officer, and use of a controlled substance) constitute Grade C violations. USSG § 7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category IV (determined at the time of sentencing) establishes an **imprisonment range of 6 to 12 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of **15 months and 4 days** supervised release, less any term of imprisonment imposed upon revocation. **The court has imposed an aggregate of 20 months and 26 days custody** in this case. 18 U.S.C. § 3583(b).

PROB12(C)

Name of Offender: Lizbeth Baucer  
Docket No.: 08CR00776-001-BTM

March 3, 2014  
Page 5

## RECOMMENDATION/JUSTIFICATION

This will be Ms. Baucer's fifth appearance before the Court for violation proceedings. She has violated the conditions of supervised release by failing to report for drug testing, using a controlled substance and consuming alcohol.

Based on the above, it is recommended that Ms. Baucer be cited to appear before the Court to show cause why supervised release should not be modified. Ms. Baucer has expressed a desire to address her problems with drugs and alcohol by seeking placement in a residential drug treatment program. She is currently on the waiting list to enter CRASH.

When Ms. Baucer appears before Court, and if the allegations are sustained, it will be recommended that the conditions of supervised release be modified to include participation in a residential drug treatment program. Given that her current term of supervised release is due to expire on March 10, 2014, it is further recommended that her term of supervised release be extended for six months to allow her the opportunity to seek rehabilitative treatment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 3, 2014

Respectfully submitted:  
DAVID J. SULTZBAUGH  
CHIEF PROBATION OFFICER

by De Anna Vargas  
Sr. U.S. Probation Officer  
(619) 409-5104

Reviewed and approved:

Jennifer K. Walker  
Supervising U.S. Probation Officer

PROB12CW                                                                                         March 3, 2014

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Baucer, Lizbeth

2. **Docket No. (Year-Sequence-Defendant No.):** 08CR00776-001-BTM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| failure to report for drug testing | C |
| failure to follow instructions of probation officer | C |
| use of a controlled substance | C |
| use of alcohol | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))       [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))              [ IV ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))        [ 6 to 12 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   Restitution ($) _____         Community Confinement _____
   Fine($)          _____         Home Detention           _____
   Other            _____         Intermittent Confinement _____

PROB12(C)'
Name of Offender: Lizbeth Baucer                                          March 3, 2014
Docket No.: 08CR00776-001-BTM                                                    Page 7

## THE COURT ORDERS:

__✓__  THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE
       COURT ON MARCH 5, 2014, AT 11:00 AM, TO SHOW CAUSE WHY SUPERVISED RELEASE
       SHOULD NOT BE MODIFIED, *extended or revoked*.

_____  Other _____

_____

_____

_/s/ Barry Ted Moskowitz_                                        3-3-14
The Honorable Barry Ted Moskowitz                                  Date
Chief U.S. District Judge