

PROB 12C
(04/08)

April 4, 2014

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Lizbeth Baucer (English)    **Dkt No.:** 08CR00776-001-BTM

**Reg. No.:** 07251-298

**Name of Sentencing Judicial Officer:** The Honorable Barry Ted Moskowitz, Chief U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Marijuana, a Class D felony.

**Date of Revocation Sentence:** March 5, 2014

**Sentence:** Supervised release revoked and extended for six months with conditions modified to include participation in a residential drug treatment program (CRASH). *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** March 5, 2014

**Asst. U.S. Atty.:** Lara A. Stingley    **Defense Counsel:** Sandra Hourani
                                                                (Appointed)
                                                                (619) 234-8467

**Prior Violation History:** Yes. See prior court correspondence.

---

## PETITIONING THE COURT

### TO ISSUE A NO BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

PROB12(C)

| | |
|---|---|
| Name of Offender: Lizbeth Baucer | April 4, 2014 |
| Docket No.: 08CR00776-001-BTM | Page 2 |

## CONDITION(S)

**(Standard Condition)**
Answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. *(mv8)*

**(Mandatory Condition)**
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. *(nv3)*

**(Special Condition)**
Abstain from all use of alcohol.

## ALLEGATION(S) OF NONCOMPLIANCE

1. Ms. Lizbeth Baucer failed to comply with testing requirements, in that she failed to submit samples at the U.S Probation Office as required, on March 11, 20, 25, and April 2, 2014.

***Grounds for Revocation:*** On September 19, 2013, the probation officer reviewed written instructions for drug testing with Ms. Baucer, and she acknowledged receipt of the instructions with her signature. Specifically, Ms. Baucer was directed to call the testing line daily and report for drug testing when required to do so by the automated testing line recording. I have received and reviewed the Chain of Custody for Drug Analysis Forms confirming that on the above dates, Ms. Baucer failed to submit a drug test on the above-noted dates, as required.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Ms. Baucer's last appearance before the Court for violation proceedings occurred on March 5, 2014. On this date, she entered an admission to allegations of drug and alcohol use as well as failure to report for drug testing as required. She was found in violation and the Court continued her on supervised release with the conditions modified to include that supervised release be extended for six months and that she enter and successfully complete inpatient drug treatment at CRASH. At this hearing, Ms. Baucer was directed to report to CRASH on March 6, 2014. Additionally, a status hearing was scheduled for April 4, 2014 at 11:00 AM.

Ms. Baucer subsequently failed to report to CRASH as ordered and made no attempt to contact the undersigned officer. Attempts were made by the undersigned officer to contact Ms. Baucer by leaving voice mail messages and a note at her residence, all to no avail.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Ms. Baucer is 29 year old; she has one child, age four, who is cared for by her sister in San Diego, California. At the onset of supervision, she was employed by L&L Barbecue as a cook, however, was laid off due to her unreliability.

Ms. Baucer has a significant history of drug and alcohol abuse. Previous terms of supervised release were revoked due in part to her drug use and failure to report for drug testing.

Her prior criminal record includes convictions for receiving stolen property, and possession of a controlled substance. She has numerous prior arrests for drug related activity that did not result in prosecution.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (failure to report for drug testing, failure to follow instructions of the probation officer) constitute Grade C violations. USSG § 7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category IV (determined at the time of sentencing) establishes an **imprisonment range of 6 to 12 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of **15 months and 4 days** supervised release, less any term of imprisonment imposed upon revocation. **The court has imposed an aggregate of 20 months and 26 days custody** in this case. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Ms. Baucer is presently unavailable for supervision and has a history of drug and alcohol abuse. She presents as a risk to the community and a warrant is deemed necessary to ensure her appearance before Your Honor.

## RECOMMENDATION/JUSTIFICATION

This will be Ms. Baucer's sixth appearance before the Court for violation proceedings. She has violated the conditions of supervised release by failing to report to CRASH (residential drug treatment program) as ordered and has failed to report for drug testing as required. Additionally, she has failed to maintain contact with the undersigned officer.

Based on the above, it is recommended that a no-bail bench warrant be issued. When Ms. Baucer appears before the Court, and if the allegations are sustained, it will be recommended that supervised release be revoked and a sentence of nine months custody be imposed with a six month term of supervised release to follow, to include the same terms and conditions as previously imposed.

PROB12(C)

| | |
|---|---|
| Name of Offender: Lizbeth Baucer | April 4, 2014 |
| Docket No.: 08CR00776-001-BTM | Page 5 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 4, 2014

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by *[signature]*
De Anna Vargas
Sr. U.S. Probation Officer
(619) 409-5104

Reviewed and approved:

*[signature]*
Elizabeth P. Simons
Supervising U.S. Probation Officer

PROB12CW

April 4, 2014

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Baucer, Lizbeth

2. **Docket No. (Year-Sequence-Defendant No.):** 08CR00776-001-BTM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| failure to report for drug testing | C |
| failure to follow instructions of probation officer | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [ IV ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))  [ 6 to 12 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

Restitution ($) _____   Community Confinement _____

Fine($) _____   Home Detention _____

Other _____   Intermittent Confinement _____

PROB12(C)

| | |
|---|---|
| Name of Offender: Lizbeth Baucer<br>Docket No.: 08CR00776-001-BTM | April 4, 2014<br>Page 7 |

**THE COURT ORDERS:**

__✓__  A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

_____

_____

_____  
The Honorable Barry Ted Moskowitz  
Chief U.S. District Judge

4-4-2014  
Date